**ALLIANZ INSURANCE COMPANY OF CANADA, Plaintiff,**

v.

**CHO YANG SHIPPING CO., LTD., and Cho Yang (America), Inc., and D.S.R. America, her engines, machinery tackle, furnishings, apparel, etc.,in rem, Defendants.**

No. 2:00CV400.

United States District Court, E.D. Virginia, Norfolk Division.

Sept. 15, 2000.

Melanie Fix, Crenshaw, Ware & Martin, Norfolk, VA, for plaintiff.

Daniel Reid Warman, Baker and Warman, Norfolk, VA, for defendants.

## OPINION

REBECCA BEACH SMITH, District Judge.

This matter is before the court on defendant Cho Yang (America), Inc.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Cho Yang (America) also joins defendants D.S.R. America and Cho Yang Shipping Co., Ltd. in their motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 4(m). For the reasons set forth below, Cho Yang (America)'s motion is **GRANTED**. Cho Yang Shipping's motion is also **GRANTED**. However, the motion made by D.S.R. America is **DENIED**.

## I. Factual and Procedural History

On or about February 11, 1999, cargo was delivered to defendant D.S.R. America at the port of La Spezia, Italy, pursuant to a bill of lading with defendant Cho Yang Shipping Co., Ltd. for its shipment to Norfolk, Virginia. The cargo was in good order and condition when it was received and accepted by defendants. However, on or about March 2, 1999, the cargo was delivered to the port of destination in a damaged condition.

On May 31, 2000, plaintiff Allianz Insurance Company of Canada filed a complaint against defendants alleging breach of contract, deviation, negligence, and/or breach of warranty, as well as a violation of defendants' duties and obligations as common carriers and/or bailees. On June 26, 2000, defendants jointly filed a motion to dismiss. Defendant Cho Yang (America) also filed an independent motion to dismiss on June 26, 2000. The court ordered two extensions of time in which Allianz was required to respond to defendants' motions. Allianz filed a response on July 17, 2000. Allianz's response acknowledged merit in defendant Cho Yang (America)'s motion and agreed not to oppose its dismissal. Therefore, only defendants Cho Yang Shipping and D.S.R. America filed a reply on July 25, 2000. Accordingly, this matter is ripe for review. However, only the motions to dismiss made by defendants Cho Yang Shipping and D.S.R. America will be addressed, as defendant Cho Yang (America)'s motion is unopposed.

## II. Analysis of Defendants' Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 4(m)

Defendants proceed under Federal Rules of Civil Procedure 12(b)(1) and 4(m). Rule 12(b)(1) provides that a defense to a claim for relief in any pleading, where required, must be asserted in a responsive pleading. However, it further provides that some defenses may be made by motion, including a motion to dismiss for lack of subject matter jurisdiction. Fed. R.Civ.P. 12(b)(1). Rule 4(m) provides a 120–day time limit from the filing of the complaint within which service must be effected upon all defendants. Failure to comply with this provision subjects a plaintiff to the potential of having his complaint dismissed. Fed.R.Civ.P. 4(m). However, the court may extend the time for service, if the plaintiff shows good cause for his failure to properly serve the defendant within this 120–day time period. *Id.*

Defendants raise independent grounds to support their respective motions to dismiss. Defendant Cho Yang Shipping moves this court to dismiss plaintiff's complaint because the forum selection clause in the bill of lading divests this court of subject matter jurisdiction, whereas defendant D.S.R. America argues that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction, as well as lack of timely service under Rule 4(m).

When analyzing a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the court must consider "whether plaintiff's allegations, standing alone and taken as true [plead] jurisdiction and a meritorious cause of action." *Dickey v. Greene*, 729 F.2d 957, 958 (4th Cir.1984)(citing *George v. Kay*, 632 F.2d 1103, 1106 (4th Cir.1980), *cert. denied*, 450 U.S. 1029, 101 S.Ct. 1738, 68 L.Ed.2d 224 (1981)). Once subject matter jurisdiction is challenged, the burden of establishing its existence always rests upon the party asserting jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991), *cert. denied*, 503 U.S. 984, 112 S.Ct. 1667, 118 L.Ed.2d 388 (1992). Allegations in the pleadings should be treated as mere evidence on the issue, but evidence outside the pleadings may also be considered without converting the proceeding to one for summary judgment. Fed.R.Civ.P. 12(b)(1); *see Evans v. B.F. Perkins, Div. of Standex International Corp.*, 166 F.3d 642, 647 (4th Cir.1999); *Williams v. United States*, 50 F.3d 299, 304 (4th Cir.1995);

*Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982); *Porter v. United States,* 919 F.Supp. 927, 929 (E.D.Va.1996). On motion to dismiss for lack of subject matter jurisdiction, "[t]he district court should apply the standard applicable to a motion for summary judgment, under which the non-moving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Richmond, Fredericksburg & Potomac R.R. Co.,* 945 F.2d at 768. In order for the moving party to prevail, the material jurisdictional facts must be undisputed and the moving party must be entitled to prevail as a matter of law. *See id.,* 945 F.2d at 768. Therefore, dismissal under Rule 12(b)(1) is only warranted where the plaintiff does not carry the burden of proving subject matter jurisdiction. *See Aversa v. United States,* 99 F.3d 1200, 1209 (1st Cir.1996); *Bruce v. Riddle,* 631 F.2d 272, 274 (4th Cir.1980); *Zeran v. America Online, Inc.,* 958 F.Supp. 1124, 1128 (E.D.Va.), *aff'd,* 129 F.3d 327 (1997), *cert. denied,* 524 U.S. 937, 118 S.Ct. 2341, 141 L.Ed.2d 712 (1998).

■ In the United States, the Carriage of Goods by Sea Act (COGSA) governs the law relating to bills of lading. 46 U.S.C. §§ App.1300–1313. Although COGSA does not specifically address choice of forum clauses in these contracts, it prohibits a bill of lading from reducing the duties or liabilities of a carrier below the minimum requirements established in Article 3. *See* 46 U.S.C. § App. 1303(8). Thus, so long as this prohibition is not violated, Article 3 permits choice of forum provisions.

■ Furthermore, forum selection clauses in bills of lading covered by COGSA have recently been held to be valid. *See Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer,* 515 U.S. 528, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995). They maintain a presumption of validity. *See, e.g., Avant Petroleum, Inc. v. Banque Paribas,* 652 F.Supp. 542, 545 (S.D.N.Y.1987), *aff'd,* 853 F.2d 140 (2d Cir.1988); *Ronar, Inc. v. Wallace,* 649 F.Supp. 310, 313 (S.D.N.Y. 1986); *Karlberg European Tanspa, Inc. v.*

*Jk–Josef Kratz Vertriebsgesellschaft mbH,* 618 F.Supp. 344, 347 (N.D.Ill.1985). However, this presumption is rebuttable and may be overcome, if enforcement of the forum selection clause is unreasonable and unjust; invalid due to fraud or overreaching; or in contravention of a strong public policy. *See Avant Petroleum,* 652 F.Supp. at 545 (citing *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). Additional considerations include the relative bargaining power of the contracting parties, the presence of bad faith, provision of an adequate remedy for the aggrieved party, and the convenience and relatedness of the forum to the contract. *See, e.g., Roby v. Corporation of Lloyd's,* 996 F.2d 1353, 1360–61 (2d Cir.), *cert. denied,* 510 U.S. 945, 114 S.Ct. 385, 126 L.Ed.2d 333 (1993)(upholding a forum selection clause against an aggrieved party because although the remedies were not as extensive as those provided in the United States, the forum selected provided some remedies); *Weidner Communications, Inc. v. H.R.H. Prince Bandar Al Faisal,* 859 F.2d 1302, 1310 (7th Cir.1988)(holding that a forum selection clause will be invalidated if one party has excessive bargaining power or acts in bad faith); *S.A. Empresa De Viacao Aerea Rio Grandense v. Boeing Co.,* 641 F.2d 746, 749 (9th Cir.1981)(stating that a court will apply the law selected unless the chosen forum has no substantial relationship to the parties or the transaction, or application of the chosen forum's law would contravene a fundamental state policy); *Samson Plastic Conduit & Pipe Co. v. Battenfeld Extrusionstechnik GMBH,* 718 F.Supp. 886 (M.D.Ala.1989)(indicating that a forum selection clause will generally be enforced if the contracting parties possess reasonably equal bargaining power). Both the absence of equal bargaining power and the provision of an adequate remedy are narrowly construed, and courts generally will not interfere in a dispute on the grounds of these defenses. *See generally Interameri-*

can Trade Corp. v. Companhia Fabricadora De Pecas, 973 F.2d 487, 489–90 (6th Cir.1992)(holding forum selection clause enforceable even though the aggrieved party would be denied a jury trial in the forum, and the jury process was extremely slow and required a large security deposit); *Tisdale v. Shell Oil Co.*, 723 F.Supp. 653, 656–57 (M.D.Ala.1987)(illustrating that returning to forum state for adjudication despite potential of arrest there in unrelated matter was insufficient showing of hardship). A forum selection clause will not be invalidated absent a showing that an "inferior law" was applied that in fact reduced the carrier's liability. *See Sky Reefer*, 515 U.S. at 539, 115 S.Ct. 2322.

## A. Applicability of Forum Selection Clause

■ Plaintiff Allianz argues that the forum selection clause does not apply to Allianz because it was not a party to the bill of lading contract. Defendant Cho Yang Shipping was the carrier that issued the bill of lading central to this dispute. Blue Anchor Line c/o Kuehne & Nagel Italia Spa was the shipper, and Blue Anchor Line c/o Kuehne & Nagel, Inc. was the consignee. AGM Glass Machinery, Inc. was the owner of the cargo being shipped, but it did not sign or negotiate the bill of lading. Allianz was subrogated to AGM's claim against the defendants.

According to COGSA, a bill of lading issued by a common carrier evidences the contract of carriage between the carrier, the shipper, and the consignee. *See Otto Wolff Handelsgesellschaft, mbH v. Sheridan Transp. Co.*, 800 F.Supp. 1359, 1361 (E.D.Va.1992). Therefore, when "parties contract to litigate any dispute arising under their contract in a specified forum, [the presumption is] that they are speaking only of disputes with each other in the absence of language about disputes with third parties." *Union Steel America Co. v. M/V Sanko Spruce*, 14 F.Supp.2d 682, 693 (D.N.J.1998). However, non-parties may be bound to a forum selection clause, if the non-party is so " 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound." *See, e.g., Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 209 (7th Cir.1993)(quoting *Manetti–Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n. 5 (9th Cir.1988)); *International Private Satellite Partners, L.P. v. Lucky Cat Ltd.*, 975 F.Supp. 483, 485–86 (W.D.N.Y.1997). Therefore, when non-parties' alleged conduct is so closely related to the contractual relationship, both parties and non-parties should benefit from and be subject to a forum selection clause contained in the contract. *See Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202–03 (3d Cir.), *cert. denied, Coastal Steel Corp. v. Wheelabrator–Frye, Inc.*, 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983); *see also Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1299 (11th Cir.1998), *cert. denied*, 525 U.S. 1093, 119 S.Ct. 851, 142 L.Ed.2d 704 (1999); *Manetti–Farrow*, 858 F.2d at 514, n. 5; *Crescent Corp. v. Proctor & Gamble Corp.*, 627 F.Supp. 745, 748 (N.D.Ill.1986). For example, other courts have enforced forum selection clauses in bills of lading against the owner, shipper, or insurer of cargo *even though those parties did not sign or negotiate the bill of lading. See Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995)(enforcing forum selection clause against plaintiff subrogee where cargo owner was not a party to the bill of lading, but it had chartered the ship for carrier to transport the cargo); *Pasztory v. Croatia Line*, 918 F.Supp. 961 (E.D.Va.1996); *Dukane Fabrics Int'l Inc. v. M.V. "Hreljin"*, 600 F.Supp. 202, 203 (S.D.N.Y.1985); *Paterson, Zochonis (U.K.) Ltd. v. Compania United Arrows, S.A.*, 493 F.Supp. 626, 629–30 (S.D.N.Y.1980).

■ The forum selection clause at issue in this case specified that its application was limited to "[t]he contract evidenced by or contained in the bill of lading." In this case, the forum selection

clause applies to Allianz, even though it was not explicitly listed as a party in the bill of lading, and did not participate directly in the shipment or in negotiating its terms. The contract evidenced by and contained in the bill of lading explicitly concerns AGM's cargo. Allianz then inherited its contractual connection to the dispute from AGM as its subrogee. Although they were not specified as such, both Blue Anchor Line, the shipper, as well as Blue Anchor Line, the consignee, made the arrangements for transporting AGM's goods, thereby serving as AGM's "agents" under this bill of lading.[1] Furthermore, it was foreseeable that claims brought under the bill of lading would be governed by its forum selection clause. Allianz filed suit on the bill of lading, and thereby accepted its terms, including the forum selection clause contained therein. *See Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 36 (5th Cir.1997)(stating that "the district court did not err in determining that, by filing a lawsuit for damages under the bill of lading, Mitsui [had] accepted the terms of the bill of lading, including the unnegotiated forum selection clause."); *All Pac. Trading, Inc. v. Vessel M/V Hanjin Yosu*, 7 F.3d 1427, 1432 (9th Cir.1993), *cert. denied*, 510 U.S. 1194, 114 S.Ct. 1301, 127 L.Ed.2d 653 (1994); *Kanematsu Corp. v. M/V Gretchen W*, 897 F.Supp. 1314, 1317 (D.Or.1995). Thus, Allianz's contention that it is not subject to the forum selection clause contained in the bill of lading is without merit.

## B. Enforceability of Forum Selection Clause

Alternatively, plaintiff Allianz argues that the forum selection clause is unenforceable because it is unreasonable and unjust under the circumstances. Specifically, Allianz contends that it would be deprived of its legal remedy, if required to file suit in the chosen forum, because the statute of limitations period has expired for bringing an action in Korea. Moreover, Allianz claims that enforcement of the forum selection clause would deprive it of substantive rights guaranteed by COGSA because it could not bring an *in rem* action against defendant D.S.R. America under Korean law. Finally, Allianz asserts that it would be gravely inconvenienced and required to incur substantial expense if the forum selection clause is upheld.

In order to avoid the enforcement of a forum selection clause, a plaintiff must provide an affidavit or other evidence that supports its non-enforcement. *See Sky Reefer*, 515 U.S. 528, 115 S.Ct. 2322. Nevertheless, the Supreme Court has held that "procedural impediments that make a plaintiff's recovery in a foreign forum more difficult to achieve do not constitute the 'lessening [of] liability' sufficient under § 3(8) to invalidate a choice of law or choice of forum clause." *International*

---

1. Federal maritime law embraces agency principles. *See Port Ship Serv., Inc. v. International Ship Management*, 800 F.2d 1418, 1420 (5th Cir.1986); *Naviera Neptuno, S.A. v. All Intn'l Freight Forwarders, Inc.*, 709 F.2d 663, 665 (11th Cir.1983); *Kirno Hill Corp. v. Holt*, 618 F.2d 982, 985 (2d Cir.1980). The essential underlying principle in the agency relationship is the power of an agent to commit his principal to business relations with third parties. *See Griffin v. United States*, 588 F.2d 521, 528–29 (5th Cir.1979). For example, "[a] contract of carriage with an owner may either be direct between the parties, or by virtue of a charterer's authority to bind the owner by signing bills of lading 'for the master.'" *Pacific Employers Ins. Co. v. M/V Gloria*, 767 F.2d 229, 236–37 (5th Cir.1985); *see,*

*e.g., Pearson v. Leif Hoegh & Co.*, 953 F.2d 638, 1992 WL 5020, at *5–6 (4th Cir.1992); *Hoechst Celanese Corp. v. M/V Trident Amber*, 1992 WL 179219, at *4–6 (S.D.Ga. June 26, 1992)(indicating that a freight forwarder is properly considered the agent of the shipper, and it is therefore irrelevant if neither the shipper, nor the consignee are signatories to the bill of lading). Further, despite the absence of direct involvement with the bill of lading, a cargo owner may still be bound by its provisions based on an "agency" relationship. *See Sky Reefer*, 515 U.S. 528, 115 S.Ct. 2322 (depicting a similar set of facts in which a fruit distributor was subject to an arbitration clause contained in a bill of lading entered into by the supplier with whom he had contracted).

*Marine Underwriters CU v. M/V Kasif Kalkavan*, 989 F.Supp. 498, 499 (S.D.N.Y.1998)(quoting *Sky Reefer*, 515 U.S. at 534, 115 S.Ct. 2322). A forum selection clause will, however, be condemned as against public policy if the choice of law and choice of forum clauses operate " 'in tandem as a prospective waiver of a party's right to pursue statutory remedies.' " *Sky Reefer*, 515 U.S. at 540, 115 S.Ct. 2322 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 637 n. 19, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)).

### 1. Time–Barred from Bringing an Action

 Plaintiff Allianz argues that it would be unreasonable and unjust to enforce the forum selection clause because the statute of limitations has run against its claim in Korea. The cargo damage occurred on or about March 2, 1999. Furthermore, as evidenced in defendants' surreply, the "Subrogation Receipt and Final Release" was dated May 18, 1999, more than nine (9) months before the expiration of the Korean statute of limitations.[2] Allianz had notice of the clearly written forum selection clause, and yet chose to let the Korean statute of limitations run and bring this lawsuit here, rather than in Korea. Even if Allianz did not deliberately ignore its obligation under the forum selection clause, defendants Cho Yang Shipping and D.S.R. America should not be punished for Allianz's procedural decisions and/or lapses. In other words, Allianz, rather than Cho Yang Shipping and D.S.R. America, should bear the burden resulting from Allianz's failure to comply with the forum selection clause, for if Allianz were permitted to proceed in another forum, it "would create a large loophole

... [because Allianz] could simply postpone its cause of action until the statute of limitations [had] run in the chosen forum and then file its action in a more convenient forum." *New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG*, 121 F.3d 24, 33 (2d Cir.1997).

Forum selection clauses are not uncommon in a bill of lading. Furthermore, the forum selection clause contained in this bill of lading was unambiguous, and non-enforcement on the grounds of the statute of limitations would, in fact, undermine the reliability and enforceability of forum selection clauses and encourage forum-shopping. See *Chiyoda Fire & Marine Ins. Co. of America v. M/V Hyundai Freedom*, 1999 WL 694019, at *2 (S.D.N.Y. Jan.28, 1999). This is not a policy the court seeks to promote. Therefore, the running of the statute of limitations is an insufficient basis for invalidating the forum selection clause. Furthermore, dismissal will not be conditioned on defendants' waiver of a statute of limitations defense in Korea. See *Asoma*, 1999 WL 1115190, at *4–5.

### 2. Unavailability Under Forum Law of In Rem Action Against Vessel Reduces Rights Under COGSA

 Allianz argues that it would be unreasonable and unjust to enforce the forum selection clause because it would act as a forfeiture of Allianz's action against defendant D.S.R. America. Although Korean law allows "for the arrest of the vessel as security for a cargo damage claim, it does not recognize an *in rem* action against the vessel." *Union Steel*, 14 F.Supp.2d at 693; see *International Marine Underwriters*, 989 F.Supp. at 498–99; *TradeaArbed, Inc. v. M/V Agia Sofia*, 1997

---

**2.** Although never specifically stated by the parties, their submissions imply a one-year statute of limitations under Korean law, which appears to be correct. See, e.g., *Asoma Corp. v. M/V Southgate*, 1999 WL 1115190, at *1 (S.D.N.Y. Dec.7, 1999)(indicating that "the one-year statute of limitations governing plaintiff's [cargo damage] claims [as provided

in the forum selection clause designating the civil courts of Seoul, South Korea as the exclusive jurisdiction for controversies arising under the bill of lading] ... has expired"). Accordingly, the earliest date upon which the statute could have started to run in the case at bar is March 2, 1999, the actual date the cargo damage occurred.

WL 769525, at *5 (D.N.J. Aug.14, 1997). Courts have interpreted this provision of Korean law in conflicting fashion. Although some courts contend that it deprives plaintiffs of their substantive rights under COGSA, *see International Marine Underwriters*, 989 F.Supp. at 499, other courts have reached the opposite conclusion, reasoning that the unavailability of an *in rem* action does not constitute a lessening of the liability imposed by COGSA, but instead, it presents a "question of the means ... of enforcing that liability." *See Fireman's Fund Ins. Co. v. M.V. DSR Atlantic*, 131 F.3d 1336, 1339–40 (9th Cir. 1997), *cert. denied*, 525 U.S. 921, 119 S.Ct. 275, 142 L.Ed.2d 227 (1998)(quoting *Sky Reefer*, 515 U.S. at 537, 115 S.Ct. 2322). Both courts make persuasive arguments. However, the court's reasoning in *International Marine Underwriters* more closely fits the circumstances of this case.

The section of COGSA pertaining to the responsibilities and liabilities of both carrier and ship prohibits "[a]ny clause ... in a contract of carriage relieving the carrier *or the ship* from liability ... or lessening such liability ...." 46 U.S.C. App. § 1303(8) (emphasis added). The court in *Fireman's Fund* seems to have ignored this statute in its analysis. Although "the forum [selection] clause should [undoubtedly] control absent a strong showing that it should be set aside ... in light of the present-day commercial realities and expanding international trade," *Bremen*, 407 U.S. at 15, 92 S.Ct. 1907, this statutory language "would be rendered meaningless if an *in rem* action were viewed simply as a procedural device not protected under § 3(8) as interpreted by *Sky Reefer*." *International Marine Underwriters*, 989 F.Supp. at 499. Procedural impediments to a plaintiff's recovery are permitted if they make recovery "more difficult," but presumptively not impossible. *See id.* (citing *Sky Reefer*, 515 U.S. at 534, 115 S.Ct. 2322). An *in rem* action is not just a means of enforcing COGSA liability as espoused in *Fireman's Fund*, *see* 131 F.3d at

1340; it is a substantive right guaranteed by federal law.

Therefore, the forum selection clause should be enforced as to Cho Yang Shipping, the *in personam* defendant. However, it would be unreasonable and unjust to enforce the forum selection clause as to D.S.R. America, the *in rem* defendant, because an *in rem* action is unavailable under the forum law (Korea), and thereby reduces Allianz's rights under COGSA. Yet the availability of an *in rem* proceeding is irrelevant, if the vessel is not arrested or served within the time constraints as stated in the federal rules. D.S.R. America has not been arrested in this case, nor has Allianz made a supported allegation that D.S.R. America will be present in the district during the pendency of this action. Nevertheless, D.S.R. America may still be served, as the 120–day period provided for service has not yet expired. *See infra* at 795. Consequently, the court will not exercise its discretion to dismiss this *in rem* action as to D.S.R America at this time.

### 3. *Grave Inconvenience and Expense of Litigating in Foreign Forum*

■ Allianz argues that it would be unreasonable and unjust to enforce the forum selection clause because it would be required to incur additional expense, if it must proceed in Korea and maintain two actions. Essentially, Allianz argues that the forum selection clause is unreasonable because litigating its claim in Korea would be "seriously inconvenient." *Bremen*, 407 U.S. at 16–17, 92 S.Ct. 1907.

Although courts have upheld the nonenforcement of forum selection clauses in limited circumstances on the grounds of inconvenience, *see, e.g., Rationis Enterprises, Inc. of Panama, Lim. Procs. M/V MSC Carla*, 1999 WL 6364, at *3 (S.D.N.Y. Jan.7, 1999) (distinguishing non-enforcement of forum selection clause on the grounds of the size and complexity of the claims involved from the simple breach of contract or single claimant cases in which

forum selection clauses are generally enforced), the Supreme Court has twice in the last five years rejected claims of inconvenience similar to the one at issue. In both *Sky Reefer* and *Carnival Cruise Lines*, the Supreme Court held that increased cost and inconvenience were not enough to defeat the operation of a forum selection clause in an admiralty suit. *See Sky Reefer*, 515 U.S. at 539, 115 S.Ct. 2322; *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595–96, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). Noting that it is the liability of the parties which may not be lessened, not the means and costs of enforcing that liability, the Court in *Sky Reefer* concluded that "[n]othing in this section suggests that [§ 3(8) of COGSA] prevents the parties from agreeing to enforce these obligations in a particular forum." 515 U.S. at 535, 115 S.Ct. 2322. The Court even went on to question whether case-by-case inquiries into the inconvenience of litigating in a foreign forum should be entertained. *See Sky Reefer*, 515 U.S. at 536, 115 S.Ct. 2322 ("It would be unwieldy and unsupported by the terms or policy of [COGSA] to require courts to proceed case by case to tally the costs and burdens to particular plaintiffs in light of their means, the size of their claims, and the relative burden on the carrier."). Moreover, litigation in multiple fora does not excuse enforcement of a forum selection clause. *See Union Steel*, 14 F.Supp.2d at 696. Therefore, Allianz's argument that Korea is so seriously inconvenient as to be an unreasonable forum for the resolution of this dispute is rejected.

### C. Lack of Service

Defendant D.S.R. America moves to dismiss based on Federal Rule of Civil Procedure 4(m), which requires that service be effected upon a defendant within 120 days of filing a complaint. Allianz filed its complaint on May 31, 2000. Therefore, dismissal of the complaint against D.S.R. America is premature at this time because 120 days have not passed since the filing of the complaint.

### III. Conclusion

For the reasons set forth above, the court **GRANTS** defendant Cho Yang (America)'s unopposed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The court also **GRANTS** defendant Cho Yang Shipping's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1). However, the court **DENIES** defendant D.S.R. America's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 4(m).

The Clerk is **DIRECTED** to mail a copy of this Opinion to defendants Cho Yang Shipping, Cho Yang (America), and D.S.R. America, as well as plaintiff Allianz.

It is so **ORDERED**.