**Ruth Heaton HEINZ Plaintiff**

v.

**GRAND CIRCLE TRAVEL Defendant**

**No. CIV.A. 3:03CV–321–MO.**

United States District Court, W.D. Kentucky, at Louisville.

Aug. 4, 2004.

---

John J. Osterhage, M. Larry Lawrence, Warsaw, KY, for Plaintiff's.

Stephanie R. Miller, W. Scott Miller, Jr., Miller & Miller, Louisville, KY, Tom Mu-zyka, Clinton & Muzyka, PC, Boston, MA, for Defendant's.

## MEMORANDUM OPINION

MOYER, United States Magistrate Judge.

Plaintiff Ruth Heaton Heinz filed this civil action, claiming that she was injured during a cruise organized by Defendant Grand Circle Travel, a foreign corporation with its principal place of business in Basel, Switzerland.[1] This matter is before the Court on Grand Circle Travel's motion to dismiss (DN 8). Grand Circle Travel seeks dismissal because Heinz failed to state a cognizable claim, failed to join indispensable parties, and filed her action in the wrong venue. Heinz filed a memorandum in opposition thereto (DN 10) to which Grand Circle Travel replied (DN 13). The Court will grant the motion to dismiss the case in order to enforce the forum-selection clause contained in the cruise ticket which Grand Circle Travel sold to Heinz.

## I. BACKGROUND AND ARGUMENTS

### A. Procedural Background

Plaintiff Ruth Heaton Heinz, an 83–year–old citizen of Kentucky, initiated this civil action invoking the Court's diversity jurisdiction. Her caption identifies only a single defendant: Grand Circle Travel. On July 1, 2003, the Office of the Secretary of State for the Commonwealth of Kentucky acknowledged receipt of a summons and complaint for Grand Circle Travel. Grand Circle Travel filed an answer (DN 2), an amended answer (DN 4), and thereafter moved for dismissal of the complaint pursuant to Fed.R.Civ.P. 12(b)(3), (6), and (7), and Fed.R.Civ.P. 19. Heinz filed her

1. Grand Circle Travel maintains an office in the Commonwealth of Massachusetts.

opposing memorandum, but the caption of her opposing memorandum is not in compliance with the applicable procedural rule. *See* Fed.R.Civ.P. 10(a).[2] In fact, the caption of her responsive memorandum fails to identify Grand Circle Travel as a defendant. To the extent that Heinz is attempting to amend her complaint to name additional parties, she has failed to comply with the appropriate rule for doing so. *See* Fed.R.Civ.P. 15(a). Thus, the Court will review Heinz's response only to the extent that it provides a substantive response to Grand Circle Travel's dispositive motion.

### B. Factual Background

Heinz was a passenger aboard the Blue Danube II, which is a passenger ship owned by the Swiss Circle Cruise, not Grand Circle Travel, with whom she booked her cruise. On August 3, 2002, while the ship was on the Rhine River in Germany, Heinz sustained an injury when the ship's automatic doors failed. The doors closed on Heinz, knocking her to the floor and injuring her shoulder and arm. In her complaint, she claims that the ship was unseaworthy, that Grand Circle Travel caused an unreasonable, unsafe condition to exist, and that Grand Circle Travel failed to warn her of the ship's condition.

According to the Grand Circle Cruise Lines Passenger Ticket Contract (hereinafter "Passenger Contract") (DN 8, Def.'s Mot., Ex. A), a person, who "accept[s] this ticket ... and/or travel[s] under this tick-et," is bound by its provisions with respect to any "claims for ... injury." With respect to personal injury sustained by a passenger, Grand Circle Travel "is not liable for any ... injury ... which may be occasioned by reason of any act or omission beyond its control, including, without limitation, any ... negligent act or failure to act ... of any third party." Passenger Contract, ¶ 3(a). The Passenger Contract also provides that all claims brought in connection with the contract must be litigated in Basel, Switzerland. Passenger Contract, ¶ 5. And, it identifies the Strasbourg Convention on the Limitation of Liability as the governing law. Passenger Contract, ¶ 6.

### C. Arguments[3]

In a sparsely argued memorandum, Grand Circle Travel maintains that venue is not proper in this district because the Passenger Contract selects Basel, Switzerland, as the venue for any legal disputes. When Heinz accepted the ticket, it claims, she accepted the terms and conditions of the Passenger Contract, including the forum-selection clause set forth therein.

Heinz argues that the issue is governed by 28 U.S.C. § 1404, which allows a court to transfer a case to another federal forum.[4] Heinz admits that she received her ticket, including the Passenger Contract, one to two weeks prior to departure. She claims, however, that she had "no time to review the ticket for its clauses such as the forum selection clause involved here."

---

**2.** In the caption of her opposing memorandum, she identifies the following three defendants: Bluegrass Marine, Inc.; Marquette Transportation Company, Inc.; and Motor Vessel Marie Hendrick.

**3.** Because the Court will enforce the forum-selection clause and dismiss the action, it will not summarize or address Grand Circle Travel's alternative arguments premised on Heinz's failure to join the owner of the passenger ship, which it deems as a necessary party, and her failure to state a claim because the Passenger Contract's exclusionary clause precludes liability for actions by third parties not under Grand Circle Travel's control.

**4.** Heinz is under the mistaken belief that the forum-selection clause sets Boston, Massachusetts, as the selected forum for any legal disputes. The Passenger Contract, however, provides no such term.

(DN 10, Heinz Aff., ¶ 9). She also maintains that the transfer would not be proper because she did not negotiate the terms of the Passenger Contract, which included the forum-selection clause. She argues that had she forfeited her ticket, the costs would have been "extreme." [5] Finally, she claims that were the Court to transfer her case, it would be the end of her case due to her limited ability to travel.

## II. ANALYSIS

The first question the Court must address is under what authority it may consider and rule upon the dispositive motion. Grand Circle Travel seeks to dismiss the action, arguing improper venue, failure to state a claim, and failure to join proper parties under Fed.R.Civ.P. 12(b)(3), (6), and (7), respectively. The courts of appeal are split with respect to the proper authority a district court may invoke when dismissing an action where a party invokes a contract's forum-selection clause. 5B Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Fed. Prac. & Proc. § 1352 (3d ed.2004); *see also Kerobo v.*

*Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 535 (6th Cir.2002) ("We recognize that the circuits are not in agreement about whether a claim that an action is filed in a forum other than that designated in a contract's forum selection clause may be raised in a Rule 12(b)(3) motion.").[6] One district court opined that "precisely how this court should dispose of the case [where a party seeks to enforce a forum-selection clause] turn[s] out to involve complicated questions that have puzzled the courts," noting that the issue is "vexing" to say the least. *Licensed Practical Nurses, Technicians and Health Care Workers of New York, Inc. v. Ulysses Cruises, Inc.*, 131 F.Supp.2d 393, 395, 402 (S.D.N.Y. 2000). Even the United States Supreme Court has recognized that "[t]here is no obviously correct way to characterize the right embodied in [a contract's] forum-selection provision...." *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 500, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989).

While many appellate courts have addressed the issue under Rule 12(b)(3) (dismissal for improper venue), *see* 5B Charles

---

**5.** She avers that she would have "forfeited the majority of [the] purchase price of approximately $2000.00." (Heinz Aff., ¶ 9).

**6.** The First and Third Circuits hold that the clause is enforceable under a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385, 387–88 (1st Cir.2001); *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir.2001). The Seventh, Ninth, Eleventh, and D.C. Circuits hold that it is enforceable under a Rule 12(b)(3) motion to dismiss for improper venue. *Frietsch v. Refco, Inc.*, 56 F.3d 825, 830 (7th Cir.1995); *Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 294 F.3d 1171, 1174 (9th Cir.2002); *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir.1998); and *Commerce Consultants Int'l, Inc. v. Vetrerie Riunite, S.p.A.*, 867 F.2d 697, 698–99 (D.C.Cir.1989). The Fifth and Tenth Circuits have no definitive position. *Haynsworth v. The Corp. of Lloyd's of London*,

121 F.3d 956, 961 (5th Cir.1997) ("[W]e ... need not reach the considerably more enigmatic question of whether motions to dismiss on the basis of forum selection clauses are properly brought as motions under Fed. R.Civ.P. 12(b)(1), 12(b)(3) or 12(b)(6), or 28 U.S.C. § 1406(a)."); *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir.1992) (citing cases supporting dismissal for improper venue as well as dismissal for lack of subject matter jurisdiction). The Fourth Circuit has not issued any decisions with respect to this issue. But, its lower courts have enforced forum-selection clauses on Rule 12(b)(1) motions to dismiss for lack of jurisdiction and on Rule 12(b)(6) motions to dismiss for failure to state a claim. *Allianz Ins. Co. of Can. v. Cho Yang Shipping Co.*, 131 F.Supp.2d 787, 789–90 (E.D.Va.2000) (invoking Rule 12(b)(1)); *CompuSpa, Inc. v. Int'l Bus. Machs. Corp.*, 228 F.Supp.2d 613 (D.Md. 2002) (invoking Rule 12(b)(6)).

Alan Wright, Arthur R. Miller, and Mary Kay Kane, Fed. Prac. & Proc. § 1352 (3d ed.2004), the Sixth Circuit has specifically rejected the argument that venue is improper and that the action should be dismissed under Rule 12(b)(3) merely because the case was filed in a forum other than that designated in a contract's forum-selection clause. *Kerobo*, 285 F.3d at 535. The forum-selection clause, the appellate court noted, "do[es] not dictate the forum." *Id.* at 535. Rather, the clause "should be enforced as a matter of contract law [which does] not [involve the] issue of proper venue." *Id.* at 535.

 The *Kerobo* Court ultimately analyzed the enforceability of the forum-selection clause under 28 U.S.C. § 1404, which allows a district court to "transfer any civil action to any other district or division where it might have been brought." That particular statutory provision cannot govern the enforceability of the selection clause at issue here, as Heinz would have this Court believe, because the contractually agreed upon forum, Basel, Switzerland, is not within any United States district court. *Royal Bed and Spring Co., Inc. v. Famossul Industria e Comercio de Moveis Ltda.*, 906 F.2d 45, 51 (1st Cir. 1990) (holding that "since we are dealing with a forum-selection clause that refers to a forum outside of the United States, and not within the scope of the statute, section 1404(a) does not apply"). Thus, upon first blush, there appears to be "no existing mechanism with which forum selection enforcement is a perfect fit." Davies, Martin, *Forum Selection Clauses in Maritime*

*Cases,* 27 Tul. Mar. L.J. 367, 369 (Sum. 2003) (quoting *New Moon Shipping Co. v. MAN B. & W. Diesel A.G.*, 121 F.3d 24, 29 (2d Cir.1997)).

The *Kerobo* Court seemed to suggest that dismissal might be appropriate under Rule 12(b)(1) (which grants dismissal for lack of subject matter jurisdiction), noting that the Supreme Court used "language, not of venue, but of *jurisdiction* and contract interpretation." 285 F.3d at 535 (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 12, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)) (emphasis added). In fact, dismissal for lack of subject matter jurisdiction would be consistent with Justice O'Connor's understanding of the implication of a valid foreign forum-selection clause. *See Vimar Seguros y Reaseguros v. Reaseguros, S.A. v. M/V Sky Reffer,* 515 U.S. 528, 542, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995) (O'Connor, J., concurring) ("Foreign arbitration clauses of the kind presented here do not divest domestic courts of jurisdiction, unlike true foreign forum selection clauses . . . ."). However, neither the Sixth Circuit nor the Supreme Court has dismissed a case for lack of subject matter jurisdiction in order to enforce a foreign forum-selection clause. *Compare Gibson v. Am. Bankers Ins. Co.,* 289 F.3d 943, 948 (6th Cir.2002) (stating in *dicta* that "forum selection clauses in contracts do not deprive courts of jurisdiction"). Until either court does so, this Court declines to invoke Rule 12(b)(1) to support its authority to dismiss the case for lack of subject matter jurisdiction.[7]

---

**7.** In fact, with the exception of the Sixth Circuit's pronouncement in *Kerobo,* the appellate court has specifically declined to take a position as to whether enforcement of a forum-selection clause should come by way of a motion to dismiss under Rule 12(b)(1), (3), or (6). *See Security Watch, Inc. v. Sentinel Sys., Inc.,* 176 F.3d 369 (6th Cir.1999). In reviewing an appeal where the district court en-

forced a forum-selection clause by dismissing the case under Rule 12(b), the Sixth Circuit stated as follows:

Neither the parties nor the district court specified the subsection of Fed.R.Civ.P. 12(b) that should govern a motion to dismiss based on contractual forum preclusion, and there is some debate among the

More importantly, however, this Court *does* have jurisdiction over the subject matter as the Constitution authorizes federal jurisdiction in cases of diversity of citizenship, *see* U.S. Const., Art. III, § 2, and Congress has authorized district courts to exercise that jurisdiction. 28 U.S.C. § 1332(a).

██ One appellate court suggested that "even though a foreign jurisdiction was chosen by the parties, that fact should not preclude the application of the sound principles of forum non conveniens enunciated in [relevant Supreme Court] cases" which reviewed similar motions to dismiss or transfer under 28 U.S.C. § 1404(a). *Royal Bed and Spring Co.*, 906 F.2d at 51. "The doctrine of forum non conveniens is based on the principle 'that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute.'" *Id.* at 48 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). The Southern District of New York suggested that such was a proper way to enforce a foreign forum-selection clause. *Licensed Practical Nurses, Technicians & Health Care Workers of N.Y., Inc. v. Ulysses Cruises, Inc.*, 131 F.Supp.2d 393 (S.D.N.Y.2000). There, the district court observed,

> Clearly, forum-selection clauses relate to venue, in the most general sense of the word, since they concern the place in which suit can be brought. But to say this is to leave open several questions. Does such a clause render venue improper in the disfavored forum, or is venue technically proper, but subject to transfer or dismissal nonetheless? In either case, is the appropriate remedy

transfer or dismissal? Is a motion seeking enforcement of a forum-selection clause properly brought under Rule 12(b)(3) or under Rule 12(b)(6), under 28 U.S.C. § 1404(a) or under 28 U.S.C. § 1406(a)?

*Id.* at 404. The district court recognized that its inherent power to exercise jurisdiction authorized it to enforce the clause simply by declining jurisdiction. A court does not need to invoke any of the aforementioned rules or statutes to do so.

> [I]s dismissal within the court's power to grant? ... A dismissal need not be predicated on improper venue, or specifically authorized by [28 U.S.C.] § 1406. The common-law doctrine of forum non conveniens illustrates the point. As the Supreme Court has recognized, even where it "is conceded that the venue statutes of the United States permitted the plaintiff to commence his action in the Southern District of New York and empower that court to entertain it ... that does not settle the question whether it must do so .... This Court, in one form of words or another, has repeatedly recognized the existence of the power to decline jurisdiction in exceptional circumstances." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504, 67 S.Ct. 839, 91 L.Ed. 1055 [ (1947) ]. Just as a federal court may decline to exercise its jurisdiction in cases of forum non conveniens, notwithstanding the absence of a specific statute authorizing the dismissal, the court may similarly dismiss on the closely-related grounds that the parties have agreed in advance that some other forum is the more convenient location for resolution of the dispute.

circuits as to whether dismissal pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(3), or 12(b)(6) is most appropriate. We need not resolve this question today, however, as it is settled

in this circuit that the enforceability of a forum-selection provision is a matter of law that is reviewed de novo.

*Id.* at 371, n. 2 (internal citations omitted).

*Id.* at 407–08; *see also Grodinsky v. Fairchild Indus., Inc.,* 507 F.Supp. 1245, 1248 (D.Md.1981) (noting that the common law doctrine of forum non conveniens retains vitality in the federal courts "primarily when the 'more convenient forum' is [that of] a foreign country, rather than another federal district").[8] The Sixth Circuit also recognizes a federal court's authority to dismiss an action on grounds of forum non conveniens. *Rustal Trading US, Inc. v. Makki,* No. 00–1513, 17 Fed.Appx. 331, 335–36 (6th Cir. Aug 21, 2001) ("Under the common law doctrine of forum non conveniens, a district court 'may decline to exercise its jurisdiction, even though the court has jurisdiction and venue, when it appears that the convenience of the parties and the court and the interests of justice indicate that the action should be tried in another forum.'") (quoting *Howe v. Goldcorp Invs., Ltd.,* 946 F.2d 944, 945 (1st Cir.1991)). And, in the seminal case *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Supreme Court itself implicitly approved the use of this common law doctrine to enforce the foreign forum-selection clause at issue in that case. Though this Court may invoke the common law doctrine of forum non conveniens to enforce the forum-selection clause set forth in this Passenger Contract, it will do so only if the clause itself is enforceable.

■ Because the Passenger Contract is a maritime contract, *see, e.g., Wallis v. Princess Cruises, Inc.,* 306 F.3d 827, 834 (9th Cir.2002), federal maritime law governs enforcement of the forum-selection clause. *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 589, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) (citations omitted). Grand Circle Travel correctly notes that

the Supreme Court has upheld the validity of forum-selection clauses in a cruise line's passage contract ticket. *Id.* The forum-selection clause, however, must have been "reasonably communicated" to the passenger, and it must be "reasonable" or "fundamentally fair[ ]." *Id.* at 593, 111 S.Ct. 1522. As one commentator noted, so long as "the contract evidences no defect in formation, the forum selection clause is enforced." Taylor, David H., *The Forum Selection Clause: A Tale of Two Concepts,* Temple L.Rev. (Fall 1993). Because forum-selection clauses in maritime contracts are presumably valid, the passenger bears a "heavy burden of proof" for setting aside the clause. *Carnival Cruise Lines,* 499 U.S. at 595, 111 S.Ct. 1522.

■ To determine whether the forum-selection clause was reasonably communicated to Heinz, the Court examines the physical characteristics of the ticket, including font, conspicuousness and clarity of notice, and the circumstances surrounding the purchase and retention of the ticket. *Shankles v. Costa Armatori, S.P.A.,* 722 F.2d 861, 863–65 (1st Cir.1983).

Here, the Passenger Contract contained an *"IMPORTANT NOTICE"* which is bolded, underlined, and set forth in the very first paragraph of the Passenger Contract. It instructed Heinz that

THE TERMS AND CONDITIONS SET FORTH HEREIN CONSTITUTE A LEGALLY BINDING CONTRACT AND GOVERN YOUR RIGHTS AND LIABILITIES AS TO ANY CLAIMS ARISING OUT OF OR RELATING TO THE TERMS OF THE PASSENGER TICKET CONTRACT. PLEASE READ THESE TERMS

---

**8.** Though *Gulf Oil Corp. v. Gilbert* has been partially superceded by the enactment of 28 U.S.C. § 1404, "the doctrine of forum non conveniens, as set out in *Gilbert,* remains good law so long as the possible alternative forum is a state or foreign court." *Cowan v. Ford Motor Co.,* 713 F.2d 100, 103 (5th Cir. 1983).

AND CONDITIONS CAREFULLY. THE CONTRACT INCLUDES CERTAIN LIMITATIONS OF LIABILITY, INCLUDING LIMITATIONS RELATING TO CLAIMS FOR DEATH OR INJURY.... BY ACCEPTANCE OF THIS TICKET AND/OR BY TRAVELING UNDER THIS TICKET, YOU SHALL BE DEEMED TO ACCEPT AND AGREE TO THE TERMS AND CONDITIONS OF THIS PASSENGER TICKET CONTRACT, INCLUDING BUT NOT LIMITED TO THE PROVISIONS RELATING TO YOUR RIGHT TO SUE, GOVERNING LAW, FORUM AND JURISDICTION. THERE ARE SUBSTANTIAL PENALTIES FOR CANCELLATION OF THIS TICKET, TRIP CANCELLATION INSURANCE IS STRONGLY RECOMMENDED.

There is nothing in Heinz's response that would demonstrate that the physical nature of the ticket itself or the warning language contained therein was insufficient to give her reasonable notice of the forum-selection clause. The language identified above is set out at the very beginning of the Passenger Contract. The notice is placed in all capitals. It is typed in a font that is easily readable. It informs Heinz that the contract contains information on her rights and liabilities with respect to any legal claims relating to her cruise. And, it specifically informs her that the contract contains a section governing the forum in which any disputes she advances must be brought. Then the Passenger Contract provides a separate **"FORUM FOR DISPUTES"** clause. Passenger Contract, ¶ 5. And, the forum-selection clause expressly provides "[a]ny controversy or claim arising out of or relating in any way to the Passenger Ticket Contract ... shall be litigated if at all, in and before a Court located in Basel, Switzerland, to the exclusion of any other Court." *Id.*

Heinz admits that she received the ticket well in advance of her departure but claims that she did not have time to read the contract. The Court is not persuaded that this circumstance constitutes unreasonable notice simply because she chose not to read the contract, a limited contract at that. The Court will not countenance such nonfeasance. *Melnik v. Cunard Line Ltd.*, 875 F.Supp. 103, 107 (N.D.N.Y.1994) ("[F]ailure to read a ticket will not relieve a passenger of the contractual limitation.") (citations omitted); *Corna v. Am. Hawaii Cruises, Inc.*, 794 F.Supp. 1005, 1010 (D.Haw.1992) ("A party cannot avoid the effect of contractual provisions to which he is a party by simply choosing not to read the contract."); *Ames v. Celebrity Cruises, Inc.*, No. 97 CIV. 0065(LAP), 1998 WL 427694, at *5 (S.D.N.Y. July 29, 1998) (finding that plaintiffs had reasonable notice of the terms of their ticket contract where they received their tickets only two or three days prior to departure). Heinz's response simply fails to successfully challenge the reasonableness of the physical characteristics of the ticket itself or of the communication contained there. Accordingly, the Court finds that the forum-selection clause was reasonably communicated to Heinz.

■ When examining the forum-selection clause for reasonableness or fundamental fairness, the Court must necessarily begin with the seminal case of *Carnival Cruise Lines*. There, the Supreme Court analyzed the fairness of a forum-selection clause contained in a cruise line passenger contract. And, in so doing, it explicitly rejected many of the arguments advanced by Heinz. With respect to Heinz's argument that she did not negotiate the forum-selection clause, the Supreme Court stated that it "do[es] not adopt the ... determination that a nonnegotiated forum-selec-

tion clause in a form contract is never enforceable simply because it is not the subject of bargaining." *Carnival Cruise Lines*, 499 U.S. at 592, 111 S.Ct. 1522. It noted several proper reasons for such clauses, including that the clause potentially benefited all parties by providing clarity in subsequent litigation and allowing reduced costs that could result in lower fares. *Id.*

Ultimately, the Supreme Court directed courts to examine three factors to determine whether the forum-selection clause itself is reasonable or fundamentally fair: (1) whether there is indication that Grand Circle Travel set Switzerland as the forum in order to discourage its passengers from pursuing legitimate claims; (2) whether there is evidence that Grand Circle Travel obtained Heinz's consent to the forum-selection clause through fraud or over-reaching; and (3) whether Heinz was given the option of rejecting the contract with impunity. *Carnival Cruise Lines*, 499 U.S. at 595, 111 S.Ct. 1522.[9]

The Court finds that Heinz failed to meet her heavy burden of proof of establishing that the forum-selection clause is unreasonable or fundamentally unfair. First, Grand Circle Travel is a Swiss Corporation, and its principal place of business is in Basel, Switzerland. It is reasonable that it would select its home city as the forum for litigating any legal claims brought against it. Heinz offered no proof that Grand Circle Travel's selection of forum was motivated by a bad faith desire to discourage its passengers from pursuing legitimate claims.

Second, Heinz offered no evidence that she was induced to consent to the forum-selection clause through fraud or over-reaching. She readily admits that she received the Passenger Contract at least one week if not two weeks prior to her scheduled cruise. She just did not look at it. Her failure to review the Passenger Contract, however, does not convert an otherwise reasonable forum-selection clause into one that was obtained by fraud or over-reaching.

■ Third, while Heinz argues that she had "no choice" in selecting the forum for future disputes and notes that she would suffer some monetary penalties had she cancelled her cruise, the fact remains that she could have freely rejected the contract. The Passenger Contract specifically suggested contract insurance in the event that she would need to cancel her trip. She declined to heed that suggestion. A cancellation fee does not in and of itself deem the forum-selection clause unfair. *See Ferketich*, 2002 WL 31371977, at **4–5 (finding the forum-selection clause fair although the passenger would have been required to forfeit part of the passenger ticket cost or deposit cost if she canceled the cruise); *Boyles v. Cunard Line Ltd.*, No. 93–Civ.5472, 1994 WL 449251 (S.D.N.Y. Jan 11, 1994) (finding a passenger ticket contract enforceable despite a significant cancellation fee); *Hicks v. Carnival Cruise Lines, Inc.*, No. Civ. A. 93–5427, 1994 WL 388678 (E.D.Pa. July 26, 1994) (rejecting argument that the clause is unreasonable because the plaintiff did

---

9. Heinz suggest that her age and physical limitations would prevent her from having her day in Court. While the Supreme Court noted that "the serious inconvenience of the contractual forum to one or both of the parties might carry greater weight in determining the reasonableness of the forum clause," *Carnival Cruise Lines*, 499 U.S. at 594, 111 S.Ct. 1522, age alone is not sufficient to deem such a clause unreasonable. *Ferketich v. Carnival Cruise Lines*, No. 02–CV–3019, 2002 WL 31371977, at *5 (E.D.Pa. Oct.17, 2002). And, beyond her conclusory allegations, Heinz offers no evidence to support her argument that her physical limitations would prevent her from litigating the case in another forum.

not receive her ticket in time to collect refund if she canceled). Moreover, Heinz most likely benefitted from the clause in the form of reduced fares as it "stands to reason that passengers who purchase tickets containing a forum clause ... benefit in the form of reduced fares reflecting the savings the cruise line enjoys by limiting the fora in which it may be sued." *Carnival Cruise Lines*, 499 U.S. at 594, 111 S.Ct. 1522.

In light of the foregoing, this Court concludes that Heinz failed to meet the "heavy burden of proof" that is required to set aside the forum-selection clause contained in the Passenger Contract. The Court, therefore, declines to exercise jurisdiction over the action. By separate order, it will grant Grand Circle Travel's motion and dismiss the action.

### ORDER

For the reasons set forth in the Memorandum Opinion entered this date, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **GRANTED** and this civil action is **DISMISSED**.

This is a final and appealable Order.