24　*Kerobo, et al. v. Southwestern*
*Clean Fuels, Corp., et al.*　　　No. 00-1201

1986), it is suggested that nine factors be applied,[20] but that the totality of circumstances, measured in the interests of justice, control.

Therefore, I would remand the case for reconsideration of the alternative motions in light of the above principles.

---

[20]The nine factors are: "(1) the identity of the law that governs the construction of the contract; (2) the place of execution of the contract; (3) the place where the transactions have been or are to be performed; (4) the availability of remedies in the designated forum; (5) the public policy of the initial forum state; (6) the location of the parties, the convenience of prospective witnesses, and the accessibility of evidence; (7) the relative bargaining power of the parties and the circumstances surrounding their dealings; (8) the presence or absence of fraud, undue influence or other extenuating (or exacerbating) circumstances; and (9) the conduct of the parties."

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0116P (6th Cir.)
File Name: 02a0116p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

CHARLES O. KEROBO; CLEAN FUELS OF MICHIGAN, INC., a Michigan Corporation,
　　　*Plaintiffs-Appellants,*

*v.*

SOUTHWESTERN CLEAN FUELS, CORP., a California Corporation, d/b/a CLEAN FUELS; GLEN FERNANDEZ; NICHOLAS SHEPIS; NORMAN GOLDSTEIN; JOE ORTEGA, jointly and severally,
　　　*Defendants-Appellees.*

No. 00-1201

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 99-75410—Bernard A. Friedman, District Judge.

Argued: June 5, 2001

Decided and Filed: April 9, 2002

Before:  BATCHELDER and MOORE, Circuit Judges;
BERTELSMAN, District Judge.[*]

———————

**COUNSEL**

———————

**ARGUED:**    Kenneth J. Bisdorf, LAW OFFICE OF KENNETH J. BISDORF, Troy, Michigan, for Appellants. Scott G. Hornby, ESORDI, HORNBY & SAWICKI, Wyandotte, Michigan, for Appellees. **ON BRIEF:** Kenneth J. Bisdorf, LAW OFFICE OF KENNETH J. BISDORF, Troy, Michigan, for Appellants.   Scott G. Hornby, ESORDI, HORNBY & SAWICKI, Wyandotte, Michigan, for Appellees.

BATCHELDER, J., delivered the opinion of the court, in which MOORE, J., joined. BERTELSMAN, D. J. (pp. 15-24), delivered a separate dissenting opinion.

———————

**OPINION**

———————

ALICE M. BATCHELDER, Circuit Judge.  This appeal arises from the district court's enforcement of a forum-selection clause and grant of the defendants' motion for dismissal for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.  We conclude venue was not improper, and we therefore hold that the district court erred in granting the motion. Because, as we shall explain, we conclude that this case is governed by *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), we reverse the judgment and remand the case to the district court for further proceedings consistent with this opinion.

———————

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

policy of sufficient strength to justify a refusal to enforce the forum selection clause and thus prevent dismissal of the case.

### The §1404(a) Motion

As stated, I am in substantial agreement with the majority's treatment of the §1404(a) motion, but wish to make note of the following regarding the role public policy plays in deciding this motion.

Under the principles laid down by the Supreme Court in *Stewart*, the §1404(a) motion, made in the alternative by the defendant in the district court but not reached by the court, is governed by federal law.  In my opinion, if the district court were to determine that the state public policy is strong enough to prevent dismissal of the case, it must then take up the motion to transfer.[19] Although under *The Bremen* principles governing the motion to dismiss the public policy is determinative if strong enough, under the §1404(a) principles governing the motion to transfer the public policy is just one factor to be considered along with the other factors prescribed by that section.

*Stewart* holds that such public policy is not conclusive on the motion to transfer.  The majority opinion in *Stewart* does not spell out what weight state public policy is to be given in the analysis it prescribes. *See Jones,* 211 F.3d at 499 (public policy of forum state is at least as significant a factor as the forum selection clause itself); *Shell,* 55 F.3d 1227 (public policy a factor to be considered but forum state did not have strong enough public policy to overcome forum selection clause).   In 15 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE, § 3803.1 (2d ed.

———————

[19] I believe the district court should have discretion to decide which to take up first.

or overweening bargaining power, the forum selection clause should be given full effect.[16]

### *Public Policy and the Motion to Dismiss*

However, such a clause "should be held unenforceable if enforcement would contravene a *strong public policy* of the forum in which suit is brought, whether declared by statute or a judicial decision."[17]

The trial court here had no opportunity to consider whether the Michigan statute voiding the forum selection clause embodied the *strong* public policy of the state.[18]  In a similar case, the Ninth Circuit considered the legislative history of the statute in classifying the public policy of the forum as being strong enough to justify refusing to enforce the forum selection clause. *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 499 (9th Cir. 2000).  Certainly legislative history is a proper factor, but it may not be the only factor to be considered.

It is clear that just because there is an applicable statute does not mean that the court must automatically refuse to enforce the forum selection clause. *See, e.g., Shell,* 55 F.3d 1227; *accord Afram Carriers, Inc. v. Moeykens,* 145 F.3d 298 (5th Cir. 1998); *Richards v. Lloyd's of London,* 135 F.3d 1289 (9th Cir. 1998).

Therefore, in my opinion, the case should be remanded for further consideration of the motion to dismiss, rather than automatic denial thereof.  The trial court should be directed to consider whether the Michigan statute embodies a public

---

[16] *Id.* at 12-13.

[17] *Id.* at 15 (emphasis added).

[18] Neither party brought MCLA §445.1527(f) to the attention of the district court.

## BACKGROUND

Southwestern Clean Fuels, Corp. ("Southwestern") is a California corporation whose principal place of business is in California.  Southwestern specializes in cleaning fuel storage tanks, a business that it has attempted to expand by franchising its operations.  Charles Kerobo, a Michigan resident who has a master's degree in business administration and a doctorate in chemistry, is the sole shareholder Clean Fuels of Michigan, Inc., a Michigan corporation, whose principal place of business is in Michigan.  On July 28, 1998, in Southfield, Michigan, Southwestern and Kerobo, on behalf of Clean Fuels of Michigan, executed a "Licensing Agreement," pursuant to which Clean Fuels of Michigan obtained the exclusive rights to operate under the business and marketing plans of Southwestern in the State of Michigan for a term of twenty years.  Article XXI of the Licensing Agreement provides:

> This agreement shall be interpreted, construed and governed by the laws of the State of California. Jurisdiction for any action for breach, damages or default shall be within the County of Orange, State of California.

For reasons not entirely clear from the record, the parties had a difficult relationship, and on October 13, 1999, Kerobo and Clean Fuels of Michigan filed a verified complaint in a Michigan state court, alleging that Southwestern and several of its officers and directors, all residents of California or New York, had misrepresented certain aspects of the sale of the franchised fuel storage tank cleaning and servicing business and breached the terms of the franchise agreement.  The complaint stated claims for breach of contract, fraudulent inducement, fraud, and violations of the Michigan Franchise Investment Law, MICH. COMP. LAWS ANN. § 445.1501 *et seq.*  The defendants removed the case to federal court based solely on diversity of citizenship; they then moved for dismissal of the suit for improper venue pursuant to Rule 12(b)(3), because the forum-selection clause in the franchise agreement

established venue in California. In the alternative, the defendants sought transfer of the case to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1404(a).

Relying on *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972), an admiralty case, the district court concluded that the forum-selection clause was valid unless the plaintiffs could establish that it was unreasonable. Because it viewed the plaintiffs as seeking to litigate in Michigan only for the sake of convenience, the court concluded that the forum-selection clause was reasonable and granted the motion to dismiss. On appeal, the plaintiffs request that the district court's order of dismissal be reversed and the forum-selection clause be invalidated pursuant to Michigan Franchise Investment Law, which voids franchise contract provisions that require litigation to be conducted outside the state of Michigan.

## STANDARD OF REVIEW

We review de novo the district court's interpretation of the venue statutes and its determination of whether a case is filed in an improper venue. *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998). We review for abuse of discretion a district court's decision whether to dismiss or transfer a complaint for improper venue. *Id.* "A district court abuses its discretion when it relies on clearly erroneous findings of fact, uses an incorrect legal standard, or applies the law incorrectly." *United Food & Commercial Workers Union, Local 1099 v. S.W. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998).

## ANALYSIS

Because we conclude that in all material respects, this case is indistinguishable from *Ricoh*, we begin with a brief synopsis—upon which we will expand in a later section of this opinion—of the proceedings in that case. In *Ricoh*, the plaintiffs brought suit against the defendants in a forum other

relating to where an action will be heard in federal court.[14] Such federal law includes the federal common law principles prescribed in *The Bremen,* relied on by the district court herein. *Accord Royal Bed and Springs Co., Inc. v. Famossul Industria e Comercio de Moveis Ltda.,* 906 F.2d 45 (1st Cir. 1990); *Evolution Online Systems, Inc. v. Koninklijke PTT Nederland N.V. ,* 145 F.3d 505 (2d Cir. 1998) ; *cf. Licensed Practical Nurses,* 131 F. Supp. 2d at 396, n. 1; 17A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §124.006[2] (3d ed. 1997)

Further, I believe that the application of federal law to all issues of venue, including the effect of a forum selection clause, is required by the most recent Supreme Court *Erie* decisions such as *Stewart, supra,* and *Burlington Northern R. Co. v. Woods,* 480 U.S. 1, 107 S. Ct. 967 (1987) (state statute providing for automatic 10% penalty against appellant on affirmance displaced by federal statute allowing for penalty only if appeal frivolous); *see also* discussion in *Wm. H. McGee Company v. Liebherr America, Inc.,* 789 F.Supp. 861 (E.D.Ky. 1992).

As noted by the district court herein, in *The Bremen* the Supreme Court prescribed that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."[15] Unless affected by fraud, undue influence,

---

[14]If federal law covers the point in dispute, a court should not proceed "to evaluate whether application of federal judge-made law would disserve the so-called `twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws.'" *Stewart,* 108 S.Ct. at 2243, n.6.

[15]407 U.S. at 10. There is no claim here of fraud or overreaching in including the forum selection clause in the franchise.

* * * * *

Section 1404(a) directs a district court to take account of factors other than those that bear solely on the parties' private ordering of their affairs. The district court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading "the interest of justice." . . . Congress has directed that multiple considerations govern transfer within the federal court system, and a state policy focusing on a single concern or a subset of the factors identified in § 1404(a) would defeat that command. . . . The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration . . . nor no consideration (as Alabama law might have it), but rather the consideration for which Congress provided in § 1404(a).

*Stewart*, 487 U.S. at 30, 108 S. Ct. at 2244-45 (footnote and internal citations omitted).

The *Erie* analysis of the motion to dismiss, although distinct from that for the motion to transfer, must be performed with these principles in mind.

As noted above, the majority of circuits hold that federal law applies to a motion to dismiss as well as a §1404(a) motion.[12] In *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir. 1988), the court reasoned that the federal statutes concerning venue[13] sufficiently occupy the field to trigger the application of federal law to all issues

---

[12]The issue was not settled by the Supreme Court in *The Bremen*, because jurisdiction in that case was based on maritime law. Therefore, there was no *Erie* issue.

[13]28 U.S.C. §§ 1391, 1404- 1413.

than that agreed upon in the forum-selection clause of the contract that was the subject of the action. The defendants moved under 28 U.S.C. § 1406(a)[1] to dismiss the case because of improper venue or, under 28 U.S.C. § 1404(a)[2], to transfer the case to the contractual forum. *See Ricoh*, 487 U.S. at 24; *accord Stewart Org., Inc. v. Ricoh Corp.*, 779 F.2d 643, 645 (11th Cir. 1986) (noting that "the appellant filed motions to dismiss and to transfer on grounds of improper venue and inconvenient forum"), *vacated en banc*, 785 F.2d 896 (11th Cir. 1986); and *Stewart Org., Inc. v. Ricoh Corp.*, 696 F. Supp. 583, 585 (N.D. Ala. 1988) (acknowledging on remand that "[i]n response to the complaint, Ricoh filed its motion to dismiss or to transfer this action to New York on grounds of improper venue and *forum non conveniens*."). The district court dismissed the § 1406(a) motion because the venue in which the action was filed was proper under 28 U.S.C. § 1391, *see id.* at 28 n.8, and denied the § 1404(a) motion because it concluded that the forum selection clause was unenforceable under state law, *id.* at 28. On interlocutory appeal, the defendants raised only the denial of the motion to transfer. The Supreme Court held that the issue of whether the forum-selection clause should be given effect was governed by federal law, specifically 28 U.S.C. § 1404(a). The Court noted in the course of its discussion that "[t]he parties do not dispute that the district court properly denied the motion to dismiss the case for improper venue under 28

---

[1]28 U.S.C. § 1406(a) provides:
The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

[2]28 U.S.C. § 1404(a) provides:
For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

U.S.C. § 1406(a) because respondent apparently does business in the Northern District of Alabama. See 28 U.S.C. § 1391(c) (venue proper in judicial district in which corporation is doing business)." *Id*. at 28 n.8.

### MOTION TO DISMISS PURSUANT TO RULE 12(b)(3)

This case originated in state court in Michigan and was removed to federal court pursuant to 28 U.S.C. § 1441(a), which provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a). Venue in removed cases is governed solely by § 1441(a). *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953); *see also Lee v. Chesapeake & O. Ry. Co.*, 260 U.S. 653, 657 (1923) (reviewing history of venue in removed cases from Judiciary Act of 1789 through Comp. St. § 1011 in effect at the time and concluding that "in every instance the removal must be into the District court 'in the district where such suit is pending;'"(quoting Comp. St. § 1011)). Here, the action was removed to the district court in the Eastern District of Michigan from state court within the area embraced by the Eastern District of Michigan. Hence, the action was removed to the only venue permitted by § 1441(a).

That the statutory venue was proper, however, does not entirely resolve the question of whether the district court erred in granting the defendants' Rule 12(b)(3) motion. We recognize that the circuits are not in agreement about whether

S. Ct. 817, 82 L.Ed. 1188 (1938), held that application of a forum selection clause to a §1404(a)[10] motion to transfer in a diversity case is a matter of federal procedural law. The Court reasoned that 28 U.S.C. §1404(a) governing transfers to another district due to an inconvenient forum was a federal statute covering the situation. Thus, the Court continued, §1404(a) controlled despite the fact that forum selection clauses were against the public policy of the forum state.[11]

State law re-entered the picture, however, when a §1404(a) analysis was performed. For, said the *Stewart* Court, that statute provided that no one factor was controlling in deciding whether the case should be transferred. Rather, the usual factors of convenience of the parties, location of witnesses, and the interest of justice applied, but the forum selection clause was an additional factor to be considered in reaching a §1404(a) determination. The Court observed:

The premise of the dispute between the parties is that Alabama law may refuse to enforce forum-selection clauses ... as a matter of state public policy. If that is so, the District Court will have either to integrate the factor of the forum-selection clause into its weighing of considerations as prescribed by Congress, or else to apply, as it did in this case, Alabama's categorical policy disfavoring forum-selection clauses. Our cases make clear that, as between these two choices. . . the instructions of Congress are supreme.

---

[10] 28 U.S.C. § 1404(a) reads: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

[11] For a discussion of the developments of the *Erie* doctrine, *see Wm. H. McGee & Co. v. Liebherr America, Inc.*, 789 F. Supp. 861 (E.D. Ky. 1992); *Boggs v. Blue Diamond Coal Co.*, 497 F. Supp. 1105 (E.D. Ky. 1980); W. Bertelsman, *The Present Status of the Erie Doctrine*, 54 KY. BENCH & BAR 10 (Winter 1990).

effect, whereas the other methods of analysis violate the express terms of these statutes. *See* discussion in *Licensed Practical Nurses,* 131 F. Supp.2d at 404.

### Erie Analysis of the Motion to Dismiss

If, however, the issue is whether to specifically enforce a clause of a contract, should not state law apply, including its public policy regarding the forum selection clause? At least two courts have so held. *Farmland Industries, Inc. v. Frazier-Parrott Commodities, Inc.*, 806 F.2d 848, 852 (8th Cir. 1986), *rev'd on other grounds, Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 109 S. Ct. 1976 (1989), and *General Engineering Corp. v. Martin Marietta Alumina, Inc.*, 783 F.2d 352, 356-57 (3d Cir. 1986).[7]

Nevertheless, the vast majority of circuits have held that federal law applies to all questions regarding the propriety of the forum for an action, including application of a forum selection clause.[8] This is an issue of first impression in this circuit,[9] but we are squarely faced with it here. I submit that the majority rule must prevail under a proper *Erie* analysis.

Although *Stewart* concerned a motion to transfer under §1404(a), its teachings are also instructive in dealing with the motion to dismiss.

In *Stewart,* the Supreme Court, applying principles announced in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58

---

[7] Certainly differing results on the enforcement of a forum selection clause might lead to forum shopping. *See* 17A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §124.06[1] (3d ed. 1997).

[8] *Id.* at §124.08[2].

[9] The issue did not arise in *Security Watch, Inc. v. Sentinel Systems, Inc.,* 176 F.3d 369 (6th Cir. 1999) and *Shell,* 55 F.3d 1227, because federal and state law concerning forum selection clauses were the same.

---

a claim that an action is filed in a forum other than that designated in a contract's forum selection clause may be raised in a Rule 12(b)(3) motion. *See, e.g., Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998) (holding that a motion to dismiss based on a forum-selection clause in international agreement should be brought pursuant to Rule 12(b)(3) rather than Rule 12(b)(1) because the forum-selection clause is unrelated to the basis for federal jurisdiction); *Lambert v. Kysar*, 983 F.2d 1110, 1112 (1st Cir. 1993) (noting in removed action that the procedural vehicle for urging dismissal under a forum-selection clause is properly Rule 12(b)(6) rather than Rule 12(b)(3)). In essence, this difference of opinion centers around whether the parties' contractual designation of forum can render the venue dictated by statute "improper."

We think that in the case of an action removed from state court to federal court, it cannot. There is only one federal venue into which a state court action may be removed, and that is in the statutorily dictated "district court . . . for the district and division embracing the place where [the state court] action [was] pending." 28 U.S.C. § 1441(a); *see also PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 72 (2d Cir. 1998) ("[A] party may challenge removal as itself improper, or as having been made to the wrong district court if the case was removed to a district court other than that 'embracing' the state court in which the action was brought, but one may not challenge venue in the district court as of right, according to that district court's venue rules, as if the case had originally been brought there. A party may nonetheless request a discretionary transfer to a more convenient district court forum under the transfer provision."(citing *Polizzi*, 345 U.S. at 665-66 (internal citations omitted))). The defendants could not have removed this case from state court in Michigan to federal court in California, the forum the parties agreed to in the contract. We think that this fact argues persuasively for the view that whether a forum-selection clause should be enforced is a matter of contract, not an issue of proper venue. Further, we

note that in *M/S Bremen*, the Supreme Court held that "[t]he threshold question is whether [the district] court should have exercised its jurisdiction to do more than give effect to the legitimate expectations of the parties, manifested in their freely negotiated agreement, by specifically enforcing the forum clause." *M/S Bremen*, 407 U.S. at 12. This is language, not of venue, but of jurisdiction and contract interpretation.

This circuit's decisions in *Security Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369 (6th Cir. 1999) and *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227 (6th Cir. 1995) are not to the contrary. In *Security Watch*, we specifically noted that the defendants' motion to dismiss on forum-selection clause grounds had been brought under an unspecified subsection of Rule 12(b); that neither the parties nor the district court had attempted to identify which subsection of the rule should govern a motion to dismiss based on a contractual forum-selection provision; and that it was unnecessary to make that determination in the context of that case because Tennessee law governing the enforceability of forum-selection clauses was consistent with federal law set out in *M/S Bremen*. 176 F.3d at 371 n. 2. *Shell,* a case arising out of an international agreement, was filed in state court and removed to federal court. The defendants filed a motion to dismiss under Rule 12(b)(3), pointing to the forum-selection clause requiring that the courts of England would have exclusive jurisdiction over any and all controversies arising out of that agreement. The district court granted the motion to dismiss, and we affirmed. *Shell*, 55 F.3d at 1229-32. That case, however, did not raise and we did not address the federal venue statutes or the question of whether Rule 12(b)(3) was the proper vehicle by which to raise the forum-selection clause. Significantly, the contractually agreed forum in *Shell* was not within the jurisdiction of any United States district court, and a motion to transfer would therefore not have been available.

As we will discuss more fully below, the Supreme Court made it clear in *Ricoh* that forum selection clauses do not

**The Motion to Dismiss**

As noted above, the motion to dismiss was filed pursuant to FED. R. CIV. P. 12(b)(3). Some courts have considered motions to dismiss on the basis of forum selection clauses as motions going to the subject matter jurisdiction of the court, while others have considered a complaint alleging a contract containing such a clause as not stating a claim for relief.[5] Many have used the device employed by the defendant here and moved to dismiss for improper venue.[6]

It seems clear to me that the jurisdiction of the court is established if proper under the applicable statutes. Further, a claim for relief is stated, if the required allegations are made, although the forum where it is to be heard may be in question. Venue is also proper if the requirements of the federal venue statutes have been met. Here, for example, the propriety of venue under 28 U.S.C. §1391 and §1441 is not challenged.

I believe the proper approach is to regard a motion raising a forum selection clause, however labeled, as one to specifically enforce the clause. *See M/S Bremen,* 407 U.S. 1, 92 S. Ct. 1907; *Shell,* 55 F.3d at 1229; *Licensed Practical Nurses v. Ulysses Cruises, Inc.*, 131 F. Supp.2d 393, 407-09 (S.D.N.Y. 2000)(extensive discussion). This approach gives the federal jurisdictional and venue statutes their due

---

*Northwestern Nat. Ins. Co. v. Donovan,* 916 F.2d 372, 375 (7th Cir. 1990).

[5]FED. R. CIV. P. 12(b)(3) states that "the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, . . . . (3) improper venue , . . . (6) failure to state a claim upon which relief can be granted . . . ."

[6]*See* discussion in *Licensed Practical Nurses v. Ulysses*, 131 F. Supp. 2d 393 (S.D. N.Y. 2000) and *Mead v. Future Medicine Publishing, Inc.*, 1999 WL 1939256 at **2-3 (M.D. N.C. Feb. 22, 1999).

If a motion to dismiss is filed, whether alone or in conjunction with a motion to transfer that is without merit, the motion to dismiss must be dealt with.  *Stewart* is not to the contrary in that the lower court posture in that case was a "motion to enforce." *Stewart Organization, Inc. v. Ricoh,* 810 F.2d 1066 (11th Cir. 1987), *aff'd* 487 U.S. 22, 108 S. Ct. 2239.  This was treated by both the Eleventh Circuit and the Supreme Court of the United States as a motion to transfer. *Stewart* did not hold that a motion to dismiss is always improper if venue under the federal venue statutes is correct.

As pointed out in the cases cited by the district court herein, although forum selection clauses were at one time disfavored by American courts on the ground that they ousted the jurisdiction of the local courts, this view has been resoundingly rejected by the Supreme Court of the United States in cases where federal procedure applies.  *See M/S Bremen,* 407 U.S. 1, 92 S. Ct. 1907 (clause is prima facie valid and should control absent a strong showing that it should be set aside); *accord Carnival Cruise Lines v. Shute,* 499 U.S. 585, 111 S. Ct. 1522 (1991) (consumer contract); *cf. Stewart,* 487 U.S. 22, 108 S. Ct. 2239 (federal procedural law applies to application of forum selection clauses in diversity cases on motions to transfer under 28 U.S.C. §1404(a); such clauses presumptively valid).

I am in substantial agreement with the majority's treatment of the motion to transfer, but am of the opinion that, if the motion to transfer is denied, the motion to dismiss is not automatically to be denied, just because the federal venue statutes have been satisfied.

A separate analysis is required concerning the motion to dismiss and the motion to transfer under §1404(a) filed in this case.[4]

---

[4] *See Jones v. GNC Franchising, Inc.,* 211 F.3d 495 (9th Cir. 2000); *International Software Systems v. Amplicon,* 77 F.3d 112, 114 (5th Cir. 1996) (*citing Jones v. Weibrecht,* 901 F.2d 17 (2d Cir. 1990));

dictate the forum.  Indeed, the Court footnoted with apparent approval the parties' agreement that the district court had properly denied the motion to dismiss for improper venue because the case had been filed in the venue prescribed by 28 U.S.C. § 1391, the statute governing venue for cases filed directly in federal court.  *Ricoh,* 487 U.S. 28 n. 8.  We think this is a clear signal that if venue is proper under the statute, a motion to transfer for improper venue will not lie.  Finally, even the dissent in *Ricoh* does not argue that whether a forum-selection clause is enforceable should be considered in the context of the venue statutes and proper versus improper venue.  Rather, the dissent argues that "no federal statute or Rule of Procedure governs the validity of a forum-selection clause," and therefore, the issue the Court should have addressed is whether federal courts were free to fashion a judge-made rule to govern the question.  *Id.* at 38 (Scalia, J. dissenting).

We therefore hold that the district court erred in granting the defendants' motion to dismiss for improper venue.

## MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

Because venue in the district court in Michigan is proper, we conclude that this case is indistinguishable from *Ricoh,* 487 U.S. 22.  The dealership agreement in *Ricoh* obligated the plaintiff, an Alabama corporation, to market copier products of the defendant, a national manufacturer with its principal place of business in New Jersey.  *Id*. at 24.  The agreement contained a forum-selection clause which required that disputes arising out of the agreement must be brought in any appropriate state or federal district court located in Manhattan.  *Id*.  When the business relationship soured, the plaintiff filed suit in the United States District Court for the Northern District of Alabama, claiming diversity jurisdiction and alleging breach of contract, breach of warranty, fraud, and antitrust violations.  *Id*.  The defendant moved either to transfer the case to the Southern District of New York

pursuant to 28 U.S.C. § 1404(a) or to dismiss for improper venue under 28 U.S.C. § 1406(a).  *Id.*; *accord Ricoh*, 779 F.2d at 654; and *Ricoh*, 696 F. Supp. at 585.  The district court denied the § 1406(a) motion because venue was clearly proper in Alabama pursuant to 28 U.S.C. § 1391.  The court denied the § 1404(a) motion, reasoning that it was governed by Alabama law, which does not favor contractual forum-selection clauses.  That ruling was certified for interlocutory review, and the Eleventh Circuit reversed, applying the standards set out in the admiralty case of *M/S Bremen*, in which the Supreme Court held that forum-selection clauses are prima facie valid and should be enforced unless enforcement would be unreasonable under the circumstances of the case.  The Eleventh Circuit concluded that the forum-selection clause was enforceable as a matter of federal law.

The Supreme Court did not begin its review with *M/S Bremen*.  Rather, the Court first set out the framework for determining whether federal or state law governed the venue issue.  Noting that the parties agreed that the district court had properly denied the § 1406(a) motion because under 28 U.S.C. § 1391(c), venue would have been proper in Alabama, the state in which the case was filed, *Ricoh*, 487 U.S. at 28 n.8, the Court considered whether § 1404(a) should be applied in this diversity action.  The Court chose not to engage in an *Erie*[3] analysis, recognizing instead that "[a] district court's decision whether to apply a federal statute such as § 1404(a) in a diversity action . . . involves a considerably less intricate analysis than that which governs the relatively unguided *Erie* choice."  *Id.* at 26 (internal quotations omitted) (citing *Hanna v. Plumer*, 380 U.S. 460, 471 (1965)).  The Court discussed a two-part test to be used in diversity cases in which the federal law sought to be applied is a congressional statute.  The district court first must determine whether the congressional statute is "sufficiently broad to control the issue before the Court."  *Id.* (quoting *Walker v. Armco Steel Corp.*,

---

[3]*Erie v. Tompkins*, 304 U.S. 64 (1938).

_____

**DISSENT**

_____

BERTELSMAN, District Judge, dissenting.  I respectfully dissent.  I have a fundamental problem with the majority's approach.  The majority seems to hold that if venue is proper under the federal venue statutes, a motion to dismiss based on a valid forum selection clause will not lie.  This is contrary to the decisions of the Supreme Court of the United States in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907 (1972) and *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S. Ct. 1522 (1991) and also the Sixth Circuit decisions *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227 (6th Cir. 1995) and *Security Watch, Inc. v. Sentinel Systems, Inc.*, 176 F.3d 369 (6th Cir. 1999), and those of many other courts.[1]

There are cases presenting situations where only a motion to dismiss will be filed.  One is where the forum selection clause requires a forum in a foreign country or state court.[2]  Another is where all or most of the documents and witnesses are in the forum state.[3]

---

[1]*See e.g., Silva v. Encyclopedia Britannica, Inc.*, 239 F.3d 385 (1st Cir. 2001); *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285 (11th Cir. 1998); *International Software Systems, Inc. v. Amplicon, Inc.*, 77 F.3d 112 (5th Cir. 1996); *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir. 1988); *Bryant Electric Co., Inc. v. City of Fredericksburg*, 762 F.2d 1192 (4th Cir. 1985).

[2]*See e.g., Haynsworth v. The Corporation*, 121 F.3d 956 (5th Cir. 1997); *Shell v. R.W. Sturge. Ltd.*, 55 F.3d 1227 (6th Cir. 1995); *Royal Bed and Spring Co., Inc. v. Famossul Industria e Comercio de Moveis Ltda.*, 906 F.2d 45 (1st Cir. 1990).

[3]*See e.g., Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir. 1988); *Insurance Products Marketing, Inc. v. Indianapolis Life Ins.*, 176 F. Supp.2d 544 (D.S.C. 2001).

powers." *Id*. at 27. For all of the reasons set out in *Ricoh*, we hold that § 1404(a) is broad enough to control the issue of whether this forum-selection clause should be given effect. Therefore, § 1404(a) must be applied here because the Supreme Court's holding in *Ricoh* that § 1404(a) represents a valid exercise of Congress's authority under the Necessary and Proper Clause of Article III is dispositive of the second element of the test.

## CONCLUSION

For the foregoing reasons, we REVERSE the district court's grant of the defendants' motion to dismiss for improper venue pursuant to Rule 12(b)(3), and REMAND this case for determination, consistent with *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), and this opinion, of the appropriate effect under federal law of the parties' forum-selection clause on the defendants' 28 U.S.C. § 1404(a) motion.

446 U.S. 740, 740-50 (1980), and *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 4-5 (1987)). If the district court finds that the federal statute does cover the disputed issue, then it must determine "whether the statute represents a valid exercise of Congress' authority under the Constitution." *Id*. at 27.

Using that analysis, the Court held that 28 U.S.C. § 1404(a) governs the *Ricoh* venue dispute. First, however, the Court addressed the Eleventh Circuit's reliance on *M/S Bremen* to decide the issue. Adverting to its earlier holding that "federal common law developed under admiralty jurisdiction [is] not freely transferable to [the] diversity setting," *id*. at 28 (quoting *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 641-42 (1981)), the Court refused to hold that in a diversity case such as that presented in *Ricoh*, the *M/S Bremen* standard is to be applied in preference to applicable state contract principles. The Court concluded that the *M/S Bremen* standard is not the controlling test in a diversity case. *Id*. at 28-29. Rather, the Court held, the threshold question is "whether § 1404(a) itself controls respondent's request to give effect to the parties' contractual choice of venue." *Id*. at 29. The Court then applied the two-part test it had earlier set out and concluded that § 1404(a) governs the dispute.

First, the Court held that § 1404(a) is broad enough to control the issue of whether to transfer the case in accordance with the forum-selection clause. Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id*. Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness. *Id*. at 29 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The district court must weigh a number of case-specific factors such as the convenience of parties and witnesses, "public-interest factors of systemic integrity," and private concerns falling under the heading "the interest of justice." *Id*. at 30. A forum-selection clause in a contract is one of the factors to

consider in this calculus. *Id*. at 31. Such a clause "should receive neither dispositive consideration . . . nor no consideration . . . but rather the consideration for which Congress provided in § 1404(a)." *Id*. Similarly, when considering a forum-selection clause as a factor, a district court does not have the discretion to hold that because the state public policy prohibits the enforcement of clauses requiring an out-of-state venue, the state policy will be categorically upheld and the clause will not be enforced. *Id*. at 30-31.

Having concluded that § 1404(a) controls the issue of venue, the Court proceeded to the second element of the test, whether the statute represents a valid exercise of Congress' authority under the Constitution. *Id*. at 31-32. The Court found that this element is satisfied as well:

> [T]he constitutional provision for a federal court system . . . carries with it congressional power to make rules governing the practice and pleadings in those courts, which in turn includes a power to regulate matters which, though falling within the uncertain area between substance and procedure, are rationally capable of classification as either.

*Id*. at 32 (quoting *Hanna*, 380 U.S. at 472). Section 1404(a) is classified as a procedural rule and is regarded as a "federal judicial housekeeping measure." *Id*. (referring to *Van Dusen*, 376 U.S. at 636-37). Therefore, it falls within Congress' powers under Article III as augmented by the Necessary and Proper Clause. *Id*.

Accordingly, the Supreme Court concluded that 28 U.S.C. § 1404(a) governed the parties' venue dispute and the district court's decision as to whether the forum-selection clause was valid. *Id*. at 28, 31-32. The Court remanded the case for determination of the effect under federal law of the forum-selection clause on the § 1404(a) motion. *Id*. at 32.

The case before us today is virtually indistinguishable from *Ricoh*. It involves a dispute in which the plaintiffs allege breach of contract, fraudulent inducement, fraud, and violations of Michigan law. The contract in question contains a forum-selection clause which requires that any cause of action be brought in the state of California. Instead of filing the complaint in California, the plaintiffs chose to bring the suit before a Michigan state court. As was the case in *Ricoh*, the law of the forum state disfavors, as a matter of public policy, forum-selection clauses that provide for out-of-state venues. The defendants properly removed this case to federal court; they then moved to dismiss for improper venue or, alternatively, to transfer pursuant to 28 U.S.C. § 1404(a). The district court enforced the forum-selection clause and dismissed the case for improper venue. It is true that here, the motion to dismiss was made pursuant to Rule 12(b)(3), without specific reference to 28 U.S.C. § 1406(a). However, a Rule 12(b)(3) motion to dismiss for improper venue is simply the procedural vehicle by which to challenge improper venue; the Rules of Civil Procedure do not contain any venue provisions or requirements. The requirements for venue are set by statute, as are the remedies available for improper and inconvenient venue. Section 1406(a) applies only where venue is improper. *Van Dusen*, 376 U.S. at 634 ("[Section] 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast, [section] 1404(a) operates on the premises that the plaintiff has properly exercised his venue privilege."). As we previously concluded, venue in Michigan is not improper in this case, and the dismissal under Rule 12(b)(3) must be reversed. As was the case in *Ricoh*, we are left with the § 1404(a) motion.

We hold that the Supreme Court's analysis in *Ricoh* entirely governs the case before us here and compels the conclusion that § 1404(a) governs the parties' venue dispute. Section 1404(a) is a federal statute that purports to cover the dispute. "[A] district court sitting in diversity must apply a federal statute that controls the issue before the court and that represents a valid exercise of Congress' constitutional