# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2596

_____

| | | |
|---|---|---|
| Raymond Damon Smith, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| U.S. Department of Justice; Drug | * | |
| Enforcement Administration; John | * | [UNPUBLISHED] |
| Does, sued as Does 2-99; Joseph | * | |
| Walbran; Thomas Heffelfinger; | * | |
| John Ashcroft, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: February 7, 2007
Filed: March 28, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Raymond Smith appeals the district court's dismissal without prejudice of his Freedom of Information Act (FOIA) claim. On appeal, Smith challenges the district court's decision to dismiss rather than transfer his case. See 28 U.S.C. § 1406(a) (when case is filed in improper venue, district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

When Smith filed his December 2003 complaint, he was incarcerated in the Sherburne County Jail in Elk River, Minnesota. The complaint stated that Smith was a citizen of California, but provided no other information as to Smith's residency. Smith later notified the district court that he had been transferred to a federal correctional facility in Adelanto, California, but again offered no details as to his permanent residency. The magistrate judge concluded that dismissal rather than transfer was appropriate because the magistrate judge was unable to discern Smith's district of residence, the record did not reveal the location of the documents at issue, and the court did not wish unilaterally to impose the District of Columbia as a venue upon Smith. See 5 U.S.C. § 552(a)(4)(B) (venue is proper for FOIA claim in district where claimant resides, in district where agency records are situated, or in District of Columbia). In his objections to the magistrate judge's report, Smith provided a street address in Los Angeles, California, as his permanent residence address and requested that the case be transferred to the Central District of California. The district court summarily adopted the magistrate judge's report and dismissed the action without prejudice.

We find it troubling that the district court summarily adopted the recommendation to dismiss: the recommendation was based primarily on an inability to determine Smith's residence or desired venue for transfer, but Smith then provided in his objections that very information. We therefore remand for the district court to determine whether transfer to the Central District of California is warranted, given that the necessary information is now in the record, and that Smith, as a pro se litigant, made a simple mistake in filing in an improper venue. See Kerobo v. Sw. Clean Fuels, Corp., 285 F.3d 531, 533 (6th Cir. 2002) (abuse-of-discretion standard of review).

Accordingly, we reverse and remand for further proceedings.

_____